Best, Appellant, *v.* The Equitable Life Assurance Society of the United States.

Argued April 18, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Samuel J. Goldstein,* for appellant.

*Thomas Lewis Jones,* for appellee.

OPINION BY HIRT, J., September 27, 1949:

Defendant insurer issued a group life insurance policy to United States Steel Corporation for the benefit of its employes and those of a number of its subsidiaries. Rosella F. Best was a laborer in the employ of Carnegie-Illinois Steel Corporation, a subsidiary covered by the policy. On her written application for participation, a certificate, dated April 26, 1944, was issued to her by the defendant insuring her life under the group policy in the sum of $2,000. Her daughter, the present plaintiff, was named beneficiary in the certificate. The insured left her work finally on October 5, 1944. Thereafter she was totally and continuously disabled by pulmonary tuberculosis until her death on August 19, 1945. At the close of plaintiff's case, brought to recover the face of the policy, a compulsory nonsuit was entered. This appeal is from the refusal of the court to take it off. The question, on undisputed facts, is whether the plaintiff is barred from recovery as a matter of law. This appeal in every aspect is ruled by *Peyton v. Equit. Life Assur. Soc.,* 159 Pa. Superior Ct. 318, 48 A. 2d 145, which construed a similar if not identical insurance policy.

In her application for insurance Rosella F. Best authorized deductions by her employer from her earnings in amounts sufficient to cover her contributions to the premium charges. Under the group insurance plan the premium due from an employe was deducted from his first pay each month, in a fixed amount, which carried the employe's insurance through the next succeeding month. The deduction from the present insured's last pay, after ceasing work, was made by her employer on October 7, 1944. This premium contribution carried her insurance in force to November 30, 1944. Plaintiff admits that the premium due from the insured for the month of December 1944 was not paid and no other premium payments were made thereafter either by her or on her behalf.

The question here is whether the insurance contract of Rosella F. Best terminated on November 30, 1944, or whether the plaintiff beneficiary may recover notwithstanding no premium payments were made after October, 1944.

The Group policy provided: "The insurance of any employee shall *automatically cease* upon the occurrence of *any* of the following events: (a) the termination of this policy, (b) the cessation of premium payments on account of such employee's insurance hereunder, (c) the thirty-first day following the termination of his employment in the classes of employees insured hereunder. Cessation of active work by an employee shall be deemed to constitute the termination of his employment except that, an employee absent from work because of disability due to injury or sickness or on account of lay-off or leave of absence, will, *subject to the continuance of premium payments* on account of such employee's insurance, be regarded as still in the employment of the Employer during the period of such disability, lay-off or leave of absence until the effective date of the discontinuance of such employee's insurance as entered on the Employer's records . . ." (Italics added.) The certificate issued

to Rosella F. Best contained this similar provision: "The insurance upon the life of any Employee shall automatically cease upon discontinuance of his required contributions toward the payment of premiums for the insurance under the policy, or in the case of the termination of his employment with the employer in the specified classes of employees, the insurance shall automatically cease upon the thirty-first day following the date on which such termination takes place; . . ." Thus by the above provision of the contract the insurance could be made to continue for thirty-one days following the cessation of active work by an employe but only upon payment of the premium contribution for the month. The policy specifically provides that one on leave of absence because of disability from accident or sickness will "subject to the continuance of premium payments" be regarded as an employe covered by the policy. As in the *Peyton* case the non-payment of premium clause is separate and distinct from other provisions of the present policy and of itself operates to terminate the insurance.

Plaintiff however contends that the question of her right of recovery was for the jury under an extended insurance clause of the policy. Rosella F. Best, on November 30, 1944, when her insurance ceased by operation of the above provisions of her contract, was totally disabled by disease and her disability continued until it resulted in her death on August 19, 1945. The policy provided that the beneficiary shall be entitled to the proceeds of the policy under such circumstances, subject to this condition: "That such employee's death occurred within a period after said date not longer than the time such employee's insurance hereunder had theretofore been continuously in force and in any event not longer than twelve months after said date . . ." The insured's total period of employment from April 26, 1944, to November 30, 1944, was 219 days. From the date of termination of the insurance on November 30, 1944, to

the date of death on August 19, 1945, the elapsed time was 262 days.

Plaintiff has not been able to establish a date of termination of the policy, according to its terms, beyond November 30, 1944, and has not brought the insured within the above extended insurance provision.

The insured's employer had $58.25 in back pay due her when she stopped work which she did not draw until March 16, 1945. There is no merit in the contention that the employer should have paid the insured's monthly premium for the month of December 1944, at least, out of the above sum in its hands. This the employer was powerless to do. This sum was wages for October 1944 and the employer had already made the only authorized premium deduction under its agreement with the insured. Moreover, in deducting premium payments from an employe's wages and transmitting them to the insurer, the employer company acted as agent of the insured and not of the insurer: *Bahas v. Equit. Life As. Society,* 128 Pa. Superior Ct. 167, 171, 193 A. 344, affirmed in 331 Pa. 164, 200 A. 91. And if the employer had failed in the performance of a duty in that respect plaintiff's right of action would have been against the employer and not the insurer. The insured could have, but did not, authorize her employer to pay her premium contributions after October 1944 out of the wages due her when her employment ceased.

It is unimportant that the insured's employment was not formally terminated on the records of her employer until December 13, 1944, or that she never received notice of the termination of her employment. This case turns, not upon when the employment terminated, but when the insurance coverage ceased. As to that, what we said in *Peyton v. Equit. Life Assur. Soc.,* supra, p. 323, is equally pertinent here: "In the present case employment was not the sole requirement for insurance coverage; and continuance of the insurance was not co-ex-

tensive with employment. There could be employment without insurance coverage. . . . The determining factor here is the policy provision requiring payment by an employee of a monthly contribution in advance as a condition precedent to insurance coverage. By the clear terms of the group policy and the individual certificate, failure of an employee to make such payment caused an automatic cessation of insurance coverage."

Finally, as in the *Peyton* case, p. 324, the right of the insured under the provision of the contract to have issued to her upon payment of the applicable premium, "an individual policy of life insurance in any one of the forms customarily issued by the Society" within 31 days after termination of her employment did not extend her insurance under the group policy beyond November 30, 1944, when the coverage ceased for nonpayment of premium contributions. The privilege of the so-called "conversion" under that provision of the policy was never exercised by the insured.

The plaintiff cannot recover as beneficiary under a construction of the policy most favorable to her under the admitted facts.

Judgment affirmed.