## Daino v. Atlantic Refining Co.

*Raymond J. Porreca,* for claimant.

*Frank Carano,* for interpleaded claimant.

*Owen B. Rhoads,* for defendants.

ALEXANDER, J., April 5, 1960.—This is an action in assumpsit. It involves the conflicting claims of Rose F. Daino, claimant, and Saveria Mazzara Daino, interpleaded claimant, to the proceeds of a group life insurance policy which are admitted by defendants to be due and payable to the lawful beneficiary of the policy.

At the conclusion of the pleadings in the matter, defendants moved the court for judgment pursuant to Pa. R. C. P. 1034, stating that the dispute of claimants could be decided on the pleadings as a matter of law.

Defendants' motion was granted. Judgment was entered in favor of the interpleaded claimant, Saveria Mazzara Daino, for the sum of $8,250, the amount payable under the policy and against defendants. Judgment was entered in favor of defendants against claimant, Rose F. Daino, and against the several children of claimant and the deceased, Joseph F. Daino, who were interpleaded claimants to the action as the next of kin of the deceased.

Claimant, Rose F. Daino, has filed the instant appeal which is limited to her claim and the claim of the interpleaded claimant, Saveria Mazzara Daino. The children have not joined in the appeal.

Claimant is a resident of Philadelphia. She was the first wife of the deceased and the first named beneficiary of the policy in question.

The interpleaded claimant is a resident of Caronia, Province of Messina, Italy. She was the second wife of the deceased and the last named beneficiary of the policy in question.

The deceased, Joseph F. Daino, was an employe of defendant, Atlantic Refining Company. His life was insured by defendant, Metropolitan Life Insurance Company, under a group policy issued on February 1, 1951, by Metropolitan to Atlantic. On the same date, a group insurance certificate was issued to the deceased naming Rose F. Daino as beneficiary in accordance with the deceased's designation.

Claimant alleges that deceased made a gift of the group insurance certificate to her at the time of its issuance, that he told her to collect the proceeds of the policy upon his death and that she has retained and had continuous possession of the original insurance certificate to the present time. She therefore bases her claim upon the gift of the insurance certificate to her and argues that any subsequent changes of beneficiary are invalid because of what she terms this, a completed gift to her in 1951, and that said changes of beneficiary were not made in compliance with the terms of the policy.

The interpleaded claimant bases her claim upon being the last named beneficiary of the policy. She alleges that the designation of her as beneficiary was made by the deceased on February 5, 1958, in accordance with the terms of the policy, following her marriage to the deceased in Caronia, Province of Messina, Italy, on January 7, 1958.

As alleged by the interpleaded claimant, the records of the court establish that the deceased was divorced from claimant on May 13, 1957, by a decree in divorce, a. v. m., issued by our Court of Common Pleas No. 3, Philadelphia County, December term, 1956, no. 2140. This is not disputed.

Photostatic copies of the original insurance certificate naming claimant as beneficiary and of the final change of beneficiary which names the interpleaded claimant, are attached to the pleadings as exhibits.

Also, a photostatic copy of the group insurance policy is attached to defendants' answer to claimant's complaint and defendants' new matter.

The provisions of the group policy pertinent to this litigation are the following:

"Section 11. CERTIFICATES.—The Insurance Company will issue to the Employer, for delivery to each Employee insured hereunder, an individual certificate which shall state the insurance to which such Employee is entitled under this Policy and to whom benefits are payable, and shall summarize the provisions of this Policy principally affecting the Employee.

"Such certificate must be returned to the Insurance Company for appropriate endorsement or exchange if the insurance on such Employee is to be continued, or reduced in accordance with the provisions of Section 6(B) hereof. . . .

"Section 12. CHANGE OF BENEFICIARY OR CONTINGENT BENEFICIARY.—Any employee insured hereunder may, from time to time, change the Beneficiary or contingent Beneficiary designated in his certificate by filing written notice thereof with the Employer accompanied by the certificate of such Employee. Consent of the Beneficiary or contingent Beneficiary shall not be requisite to any change of Beneficiary. Such change shall take effect upon endorsement thereof by the Employer on such certificate and unless the certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee is living at the time of such endorsement, but without prejudice to the Insurance Company on account of

any payment made before receipt of such written notice.

"If, at the death of any Employee insured hereunder, there shall be more than one designated Beneficiary, then, unless such Employee shall have specified the respective interests of such Beneficiaries, the interest of such Beneficiaries shall be several and equal. . . .

"Section 13. ASSIGNMENT.—The Employee's certificate is non-assignable and the insurance and benefits are non-assignable prior to loss."

As stated, the original certificate of insurance has remained in the possession of claimant from about the time of its issuance to the present.

On January 15, 1955, at the request of the deceased, a duplicate certificate of insurance was issued to him. The duplicate is likewise attached to the pleadings in this matter. Deceased thereafter made five changes of the beneficiary in accordance with section 12 of the policy. The last beneficiary named was the interpleaded claimant, the second wife of deceased.

Joseph F. Daino died on April 27, 1958. The present litigation followed his death.

The issues presented are whether the nonassignability clause, section 13 of the policy, causes claimant's position to fall and whether the deceased effectively changed beneficiaries of the policy after issuance to him of a duplicate certificate of insurance on January 15, 1955.

It is a well established principle that a valid change of beneficiary is conclusive as a matter of law as against any claim by the original beneficiary or the insured's personal representative: McLean's Estate, 333 Pa. 293 (1939) ; Fidelity Trust Company v. Traveler's Insurance Company, 316 Pa. 385 (1934) ; Pashuck v. Metropolitan Life Insurance Co., 124 Pa. Superior Ct. 406 (1937).

Similarly, it is well recognized that the beneficiary of a contract of insurance has no greater rights than are provided in the policy and that primary contracting parties of a group life insurance policy are the insurer and the employer: Peyton v. Equitable Life Assurance Society, 159 Pa. Superior Ct. 318 (1946).

In this case, the policy declares that the certificate of insurance is nonassignable and that the benefits are nonassignable prior to loss. Accordingly, the gift basis of claimant's claim must fall: Bimestefer v. Bimestefer, 205 Md. 541, 109 A. 2d 768 (1954).

A. L. I. Restatement of the Law of Contracts, §151, recognizes the validity of the nonassignability clause of contracts in stating that a right may be assigned unless assignment is prohibited by the contract creating the right.

The issuance of a duplicate certificate of insurance to the deceased was clearly within the province of defendant insurer. As in this case, when a certificate is unavailable, or in the case of loss of an insurance certificate, a duplicate certificate would be issued as a matter of course to the insured upon his request. The duplicate certificate is for all intents and purposes the same as and in place of the original certificate. Duplicate implies sameness. As a ministerial vehicle, it may be used to accomplish whatever purpose is stated in the insurance policy for the certificate of insurance. To hold otherwise would be contrary to the expressed purpose of the policy in providing for change of beneficiaries. The certificate of insurance is only an employe's record which, in turn, is dependent upon his continued employment relationship and upon the continuance of the group policy contract between the employer and the insurance company.

The return of the insurance certificate to the insurer when a change of beneficiary is requested is

clearly a requirement which facilitates the keeping of accurate records by the insurer. Furthermore, such request must be signed by the employer in order to advise the insurance company that the insured is still an employe who is covered by the policy. Since such requirement is for the benefit of the insurance company, it may waive the requirement as it sees fit to do so: Riley v. Wirth, 313 Pa. 362, 366 (1933). See 1 Goldin, The Law of Insurance in Pennsylvania, §308, p. 204.

Accordingly, the requirement of section 12 of the policy that the insurance certificate be returned to the insurer when a request for change of beneficiary is submitted, may be considered to have been waived in this case in regard to the certificate which remained in claimant's possession.

The authorities cited by claimant that a certificate of insurance may be the subject of a valid gift do not involve policies containing nonassignability clauses and therefore are not applicable to the instant matter.

There being no material issue of fact in dispute in this matter, judgment was entered on the pleadings in favor of the interpleaded claimant as against defendants and in defendants' favor as against claimant.

*Judgment*

October 14, 1959.—Judgment in favor of Atlantic Refining Co. and Metropolitan Life Insurance Co., defendants, against Rose F. Daino, plaintiff, and Angelina Daino, Joseph F. Daino, Emelio Daino and Salvatore Daino, interpleaded claimants.

Judgment in favor of Saveria Mazzara Daino against Atlantic Refining Co. and Metropolitan Life Insurance Co. in the sum of $8,250 as per motion filed.