Clara C. BENSINGER, Plaintiff-Appellant,

v.

CALIFORNIA LIFE INSURANCE COMPANY, a corporation, Defendant-Respondent.

No. 33639.

St. Louis Court of Appeals, Missouri.

Oct. 27, 1970.

Thomas W. Taylor, St. Louis, for plaintiff-appellant.

Carter, Brinker & Doyen, Clayton, for defendant-respondent.

WEIER, Commissioner.

Summary judgment was entered by the trial court against the plaintiff, Clara C. Bensinger. Plaintiff appealed. We reverse and remand upon a review of these facts:

Albert Bensinger was the husband of plaintiff. Without any illness immediately prior to January 24, 1967, he suddenly and unexpectedly died on that day. Up to the day of his death, Mr. Bensinger was active in the operation of an equipment rental store. This business was incorporated and he was the president of the corporation. By reason of such business activity, Mr. Bensinger was eligible, as an employee of a dues paying member of the American Rental Association, to insurance benefits under a group insurance policy issued by the defendant insurance company to the American Rental Association Group Insurance Trust. The record is silent as to the exact nature of the insurance trust, but it was named the policyholder in the group policy, and, from its terms, the trust apparently was created for the purpose of administering the group insurance plan for employees of association members. As one of its duties it made monthly payments of premiums to the defendant based upon a monthly statement furnished it by the defendant. The policy provided for a maximum death benefit of $10,000 for an employee who was a corporate officer and it is assumed that this was the category in which Mr. Bensinger was placed since the petition sought recovery of that sum. Mrs. Bensinger, the plaintiff, was the beneficiary of this life benefit.

The group policy was issued with an effective date of February 1, 1966. The insurance trust paid defendant the insurance premiums each month. Prior to January, 1967, Mr. Bensinger had paid monthly premiums to the policyholder, the insurance trust. He paid a premium to the trust for December, 1966, but he did not pay a premium for the monthly policy period commencing January 1, 1967. The trust, in turn, had made monthly payments of premiums, including Bensinger's premium, down through December, 1966, but had paid no premium for January, 1967, on behalf of Bensinger.

Policy provisions which are crucial to the determination of the issues are two in number. One provides for a grace period for the policyholder, which is here the insurance trust. It reads: "A grace period of 31 days from the premium due date will be allowed the Policyholder, without interest charge, for the payment of the second and each succeeding premium." The second clause appears under the subheading: "Termination of Individuals Insurance", and reads: "The insurance of the individual shall automatically terminate on the earliest of the following dates: * * * (b) the date of expiration of the period for which the last premium payment is made by the Policyholder on account of the individual's insurance * * *."

No question arose with respect to any waiver of premium on account of disability, since it was admitted that Albert Bensinger was in good health and was not disabled prior to the day of his death. He also maintained his status as an employee down to that time.

At the time of summary judgment these above facts had been established by the pleadings, admissions of plaintiff in answer to a request made by defendant and an uncontroverted affidavit filed by defendant with a deposition of plaintiff attached to the affidavit.

Plaintiff asserts in her brief on appeal that the court erred because 1) "the

record must be considered in a light most favorable to the person against whom the motion is made"; 2) "[m]ovant's proof must be unassailable"; 3) "[m]ovant must prove the non-existence of any genuine issue of material fact and must show that he is entitled to judgment as a matter of law"; and 4) "[p]laintiff is entitled to Summary Judgment as a matter of law." We cannot disagree with the principles of law enunciated in the first three abstract statements used as "points relied on" in appellant's brief (see Cooper v. Finke, Mo., 376 S.W.2d 225, 229 [3, 4]; Stoffel v. Mayfair-Lennox Hotels, Inc., Mo.App., 387 S.W.2d 188, 190 [2–5]; Civil Rule 74.04, V.A.M.R.), but they are not in compliance with Civil Rule 83.05(a) (3), and (e), V.A. M.R. Such failure to comply could cause us to dismiss the appeal or affirm the judgment for they fail to point out what actions of the court are sought to be reviewed and "wherein and why" they are erroneous. Civil Rule 83.09, V.A.M.R.; Lane v. Katt, Mo.App., 421 S.W.2d 544. The fourth point is also an abstract statement which does not set out why plaintiff is entitled to summary judgment. Furthermore, there was no motion filed by plaintiff for summary judgment in the trial court and we cannot find error in the failure of the court to act when no request was made to it by plaintiff. In the interest of justice (Civil Rule 83.09, V.A.M.R.), however, and in order that the case might be decided on the merits, we will attempt to determine plaintiff's points relied on from the entire brief so that they might be discussed and ruled on in this opinion.

Defendant insurance company frankly states in its brief that the only real issue in this case is the legal question of whether the policy provided any coverage to Albert Bensinger after December 31, 1966. It asserts that since the policyholder, the insurance trust, did not pay the premium for Albert Bensinger due for the month of January, 1967, and since the policy also provided that the insurance of the individual automatically terminated on the date of the expiration of the period for which the

last premium payment was made by the policyholder, Albert Bensinger's insurance automatically terminated on the last day of December, 1966. Its contention is based upon the reasoning that the grace period allowed by the premium provisions of the policy is for the benefit of the policyholder alone so that the group policy cannot be declared void for failure of the policyholder to pay premiums for 31 days after the due date. Further, the clause which terminates the insurance of an individual occurs under another heading of the policy that applies only to the rights of individuals under the policy. It provides automatic termination at the expiration of the month for which the last premium payment was made by the policyholder, or insurance trust. In other words, defendant contends the grace period is only for the benefit of the insurance trust in sending its premium late to the insurer, but the other clause terminates the individual's coverage at the conclusion of the period covered by the premium without the benefit of the grace period clause.

We cannot accept this construction placed upon the legal effect of these two clauses. If the policyholder, or insurance trust, had paid the premium for Bensinger to the defendant anytime during the month of January, 1967, even after Bensinger's death, there would not have been a termination of his coverage. We also note that the second clause is so written that it declares the insurance of the individual to be terminated on "the date of expiration of the period for which the last premium payment is made *by the Policyholder* on account of the individual's insurance." (Our emphasis) By these terms it is not the failure of the individual to pay his premium that causes termination of the individual's insurance. It is the failure of the policyholder, or insurance trust. It does not seem reasonable to find first that the termination clause is activated by the failure of the individual to pay his premium when the policy does not so provide; and then, secondly, to find that the 31 day period of grace does not apply when it is specifically made applicable to a failure by the policyholder to pay the premium on the date due.

Our courts adhere to the general rule that where an extension of time by way of grace is allowed by the policy, there can be no forfeiture until the period of grace has expired. Where death occurs during the grace period, the amount of the policy becomes due less any premium due the insurer. Landrigan v. Missouri State Life Ins. Co., Mo.App., 234 S.W. 1042; State ex rel. Missouri State Life Ins. Co. v. Allen, 295 Mo. 307, 243 S.W. 839 (Opinion quashed only as to allowance of damages for vexatious delay and attorney's fees); Landrigan v. Missouri State Life Ins. Co., 211 Mo. App. 89, 245 S.W. 382 (Opinion in compliance with mandate); Longley v. Prudential Ins. Co. of America, Mo.App., 161 S.W.2d 27; Randall v. Western Life Ins. Co., Mo.App., 336 S.W.2d 125.

In *Longley*, supra, a group policy allowed a grace period of 31 days. Longley was laid off with premiums paid down through May. He died in September. His beneficiary contended Longley paid the premiums in arrears in September to his employer. This court determined that even if he had paid the arrears to his employer it was a matter of no concern to the insurer. The court reasoned that the contract of insurance was between the insurer and the employer. Further, the employer was a party to the contract adverse to the insurer and could not be considered an agent of the insurer authorized to accept payments for the insurer, and bind it. His beneficiary was therefore denied recovery. However, the court stated that since Longley's premiums were paid through May, he was within the coverage of the policy during June by reason of the 31 days of grace allowed by its terms. By way of dicta, it implies that if he had died in the grace period, recovery would have been allowed.

Further, as explained in *Randall*, supra, there is no conflict in a life policy which

provides that it shall become void if any premium is not paid when due and which also provides a grace period of 31 days. During the grace period the parties are in status quo. Only at the end of the grace period do the rights of the parties expire.

Our search has not revealed cases in other jurisdictions which have been decided upon the same or similar facts presented to us here. There is a line of cases catalogued and discussed in Anno: 68 A.L. R.2d 8, 126, Secs. 77–80, which hold that the grace period for payment of premium by the employer does not extend the insurance coverage of an employee after his employment is terminated. One of these cases, Travelers Insurance Co. v. Brewer, Tex.Civ.App., 351 S.W.2d 116, is cited by defendant in its brief as authority for the proposition that the grace period provision is only for the policyholder's benefit. But in several other cases listed in the annotation, the courts, by way of dicta, indicate that their rule would be different in case there was a mere failure to pay premiums rather than termination of the employment. For instance, in Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S.W.2d 25, 26, an employee who had been discharged died during the grace period of a group life policy. The court remarked that if the relationship of employee and employer had continued to date of death, then the period of grace would have extended coverage for the employee. Again in John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Cooper, Ky.App., 239 S.W.2d 989, 990, where the termination clause was very similar to the case at bar, it was said: "Assuming, without deciding, that an employee may take advantage of this grace period *for the payment of premiums*, it does not purport to and cannot be construed as extending the term of insurance." Also in Adkins v. Aetna Life Ins. Co., 130 W.Va. 362, 43 S.E.2d 372, 381: "The effect of the grace period provision of the group policy issued by the defendant is to protect the insured if his employment continues with his employer during that period, but not to afford him protection if the insurance

has ceased because of termination of his employment."

We have been referred by defendant to a line of cases in Pennsylvania that originated with Peyton v. Equitable Life Assur. Soc. of United States, 159 Pa.Super. 318, 48 A.2d 145. *Peyton* holds the continuance of employment is not the sole requirement. It declares another determinative factor is the policy provision requiring payment by the employee of a monthly contribution and failure to so pay causes automatic termination even though the group policy provides a period of grace. Application of this rule in Hanaieff v. Equitable Life Assur. Soc. of United States, 371 Pa. 560, 92 A.2d 202, led to a dissent which described the result of the opinion a "grave injustice." Best v. Equitable Life Assur. Soc. of United States, 165 Pa.Super. 452, 68 A.2d 400, also follows *Peyton*. But here again, as is also true in *Hanaieff*, we have a situation where disability occurred concurrent with termination of employment. Premiums were not deducted and the employer failed to remit. The rule in *Peyton*, which was based upon facts showing an alleged disability that occurred during the 31 days of grace, was applied with equal force to different factual situations in *Hanaieff* and *Best*.

Although the policy of insurance in Ozanich v. Metropolitan Life Insurance Co., 119 Pa.Super. 52, 180 A. 67, 576, differs in its provisions for automatic termination from the policy provisions before us, Mr. Bensinger's situation was much closer to the facts there presented than those in the other Pennsylvania cases, referred to above, where recovery was not allowed. Ozanich worked regularly through December 14, 1932. The next day he reported for work and continued to do so until December 28, 1932, when he took ill. He was not given work on the days he reported because of slack economic conditions but was never discharged. Death came to him January 4, 1933. His insurance was paid through December. The court decided the clause giving the employer 31 days of grace to

**516**

pay premiums applied to and protected the employees who died while in the employ of the employer before the expiration of the grace period. As stated in 180 A., p. 576, supra: "As the policy insures nobody but employees, the thirty-one day grace provision must be for their ultimate benefit."

Plaintiff also refers to Hinkler v. Equitable Life Assur. Society of United States, 61 Ohio App. 140, 22 N.E.2d 451. Here the employer decided to enter into a different policy of group insurance for its employees, effective November 1, 1934. Hinkler died November 18, 1934 and a claim was made under the old policy. His October premium had been paid but not the one for November because of the change of insurance policies. Holding that the grace period of 31 days continued coverage in November, the court allowed recovery.

As pointed out by defendant, California Life Insurance Company, the grace period clause in both these last two cases had an additional clause that provided the insurance would continue in force during the grace period. This, however, should surely be implied in the instant policy. Else, why have a grace period?

 A group life insurance policy that requires a contribution, which Bensinger admittedly had been making, gives the individual insured a vested interest in the policy, even though the individual is bound by the terms of the policy between the insurer and the policyholder. Nick v. Travelers Ins. Co., 238 Mo.App. 1181, 185 S.W.2d 326; affirmed on transfer, 354 Mo. 376, 189 S.W.2d 532. Based upon the facts submitted to the trial court, Bensinger was an eligible employee down to the date of his death. The grace period continued coverage through January, 1967, the month in which he died. His beneficiary should have the opportunity to prove coverage. As to this, she has the burden of proof. Longley v. Prudential Ins. Co. of America, supra, Mo.App., 161 S.W.2d 27, 29 [3].

The judgment is reversed and the case remanded.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the case remanded.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.