**LANCASTER GENERAL HOSPITAL,**
**Plaintiff,**

v.

**EMERGENCY HEALTH SERVICES**
**FEDERATION, Defendant.**

Civ. A. No. 82–191.

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1982.

Christopher Mattson, Joel Smith, Lancaster, Pa., for plaintiff.

Harry Swift, York, Pa., for defendant.

Samuel Mecum, Lancaster, Pa., Barbara Blackmond, Allison Park, Pa., for intervenors.

## PROCEEDINGS

TROUTMAN, District Judge.

THE COURT: Because equitable, injunctive and indeed emergency relief has been sought at the hands of the Court, we have felt disposed to attempt to give the parties the immediate service which they seek, and accordingly propose to dispose of this matter by a bench opinion based upon our analysis of the record, the arguments of counsel, and without the niceties and the luxuries of a full-blown, carefully prepared written memorandum duly edited.

█ Our analysis of the propriety of the instant removal petition begins with the oft-cited proposition that courts refer only to the allegations of the plaintiff's pleading in deciding a motion to remand. *American Fire and Casualty Company v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Paxton v. Weaver*, 553 F.2d 936, 938 (5th Cir. 1977); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, at page 3 (8th Cir. 1969). Now, in the case at bar, the plaintiff complains generally that the defendant, Emergency Health Services Federation of South Central Pennsylvania, hereinafter called the Federation, will shortly designate an area-wide trauma center for an eight-county area. This designation purportedly will take place in a manner which allegedly offends several Pennsylvania statutes as well as implicating the federal antitrust laws, Title 42 U.S.C. 1983, and the Fifth Amendment of the Constitution of the United States.

█ Importantly, removal jurisdiction is to be strictly construed; doubts regarding the propriety thereof are resolved in favor of remand. *Greenshields v. Warren Petroleum Corporation*, 248 F.2d 61 (10th Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334,

2 L.Ed.2d 262 (1957). Moreover, federal courts scrutinize complaints to determine whether removal of jurisdiction properly appears on the face thereof, *Westmoreland Hospital Association v. Blue Cross*, 605 F.2d 119, 123 (3rd Cir. 1979), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980); *Wolgin v. State Mutual Investors*, 442 F.Supp. 974, 976 (E.D.Pa.1977) and may not consider other documents including the removal petition.

█ In the case at bar, the defendant's removal petition cites 28 U.S.C. 1441(c) as providing authority to support removal. That statute provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The question for decision is whether plaintiff's complaint discloses "a separate and independent claim or cause of action which would be removable if sued upon alone." Interpreting this provision, the Supreme Court has held that:

"Where there is a single wrong to the plaintiff for which relief is sought arising from an interlocked series of transactions, there is no separate and independent claim."

See *American Fire and Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Further defining section 1441(c), the Tenth Circuit opined that:

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

See *Scott v. Metropolitan Life Insurance Company*, 450 F.Supp. 801, 802 (W.D.Okl. 1978), *quoting, Snow v. Powell*, 189 F.2d

172, 174 (10th Cir. 1951). Likewise, see the *City of Philadelphia v. DeSabato, Incorporated*, 347 F.Supp. 309, 311 (E.D. of Pa. 1972).

All of plaintiff's complaints revolve around a single perceived wrong; namely, the improper designation of an area-wide trauma center. Even the alleged constitutional deprivations spring from this one factual event. As such, there is an insufficient "disassociation between the federally cognizable rights and those cognizable only in state courts." See *American Fire and Casualty Company v. Finn*, 341 U.S. at page 12, 71 S.Ct. at 539.

■ Where, as here, plaintiff's complaint reveals a single perceived wrong and seeks only one form of redress, although alleging a multitude of legal theories, section 1441(c) removal is inappropriate. See *Sessions v. Chrysler Corporation*, 517 F.2d 759, 761 (9th Cir. 1975) holding that two causes of action premised upon a single wrong do not support section 1441(c) removal jurisdiction. Likewise, see *Paxton v. Weaver*, 553 F.2d 936, 941 n.6 (5th Cir. 1977). We also note *Clarence E. Morris, Incorporated v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) holding that claims are not separate and independent of each other for 1441(c) purposes if multiple claims grow out of a single actionable wrong. See *Lewis v. Time, Incorporated*, 83 F.R.D. 455, 459 (E.D.Cal.1979) holding again that a single wrong cannot be parlayed into separate and independent causes of action by multiplying legal theories upon which relief is sought; *Frontier Enterprises, Incorporated v. ICA Corporation*, 319 F.Supp. 1156, 1159–60 (D.Minn. 1970). Here again we refer to the *City of Philadelphia v. DeSabato, Incorporated*, 347 F.Supp. 308 at page 310 (E.D.Pa.1972).

Because the term "claim" or "cause of action" is broadly defined in federal pleading, and the test we apply is whether the removable claims, if sued upon alone are "separate and independent" from the otherwise nonremovable ones, we accordingly conclude that the defendant has failed to meet its burden of justifying removal jurisdiction, and hence, we grant plaintiff's motion to remand.

We have thus concluded that removal was improper because the removable claims are not "independent and separate" from the nonremovable ones.

Moreover, the presence of federal antitrust implications does not compel a different result because our removal jurisdiction derives from state court jurisdiction in this instance. Since federal antitrust claims are cognizable only in federal court, the state court never had proper jurisdiction over them. Hence, those claims could not properly be removed to this Court. See *Hughes Construction Company, Incorporated v. Rheem Manufacturing Company*, 487 F.Supp. 345, 347, n.3 (N.D.Miss.1980).

Additionally, the defendant's late attempt to switch the focus of the removal petition from 1441(c) to 1441(a) or (b) is insufficient to successfully resist remand. Plaintiff's complaint discloses no "federal claim" as such; it seeks injunctive relief for purported violations of state law. The reference to federal interests in the complaint merely illustrate plaintiff's perceived sources of irreparable harm.

The defendant has also filed a motion to dismiss which essentially turns on interpretation of state law. That motion has not been argued though counsel have been given the opportunity to do so. We recognize that, considering the Motion to Remand, there was no immediate necessity to argue the Motion to Dismiss. And in any event, the result would have been the same as we shall deny the Motion to Dismiss without prejudice, thus giving the state court the opportunity to act thereon if indeed another motion is filed at that level.

Thus, essentially, we have addressed only the merits of the plaintiff's Motion to Remand and have denied the defendant's Motion to Dismiss without prejudice to afford the state court the opportunity to consider a similar motion if filed. This ruling we believe renders moot the plaintiff's motion urging that we abstain from deciding the substantive issues presented.

An appropriate order will issue granting the plaintiff's Motion to Remand to the

Court of Common Pleas of Lancaster County, Pennsylvania, denying defendant's Motion to Dismiss without prejudice and denying as moot the plaintiff's motion that the Court abstain.

Then that leaves outstanding only one housekeeping detail, and that is the question of the state court injunction which was extended by agreement and which was further extended by agreement when the matter came before this Court pending the decision of this Court. The Court has now rendered its decision which will be supported or reflected, rather, by an appropriate order. And the question it seems to me arises as to whether the status quo can, by agreement, be maintained until this record is returned to the Lancaster County Court of Common Pleas where the litigation can be resumed at that level. Absent such an agreement, it would seem to me that this Court is obliged to at least issue a temporary restraining order to maintain status quo until the matter is again before the Court of Common Pleas of Lancaster County. And I say this because there is a certain amount of time involved until the file goes to the clerk's office, is returned to the prothonotary's office in Lancaster County. And I am willing to hear counsel on that matter.

MR. SWIFT: Sir, I think that dispositive party in exercise of our forbearance from violating the spirit of the order that was entered by the Court of Common Pleas of Lancaster County, we are certainly happy to stipulate that we will agree to maintain the status quo until such time as the record is returned to the Court of Common Pleas of Lancaster County, Pennsylvania.

THE COURT: Thank you very much, Mr. Swift. Let me say that you are the kind of lawyer of which the profession can be proud in not creating unnecessarily today a technical matter such as whether the status quo can be maintained for a few days until the matter gets back to the Lancaster County courts. We appreciate your courtesy, and I sometimes wish that more members of the bar practiced that type of professional courtesy of which our profession is sometimes proud and sometimes a bit unproud.

If there is nothing further, Court will be adjourned.