Thomas M. OLKOWSKI

v.

The PRUDENTIAL INSURANCE
COMPANY OF AMERICA.

Civ. A. No. 83–6172.

United States District Court,
E.D. Pennsylvania.

Nov. 16, 1984.

See also, D.C., 584 F.Supp. 1140.

Marcel L. Groen, Robert H. Finkel, Bensalem, Pa., for plaintiff.

James Kilcoyne, Peter C. Paul, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are cross-motions for summary judgment. For the reasons stated herein, plaintiff's motion will be granted and defendant's motion will be denied.

### I. FACTS

The parties have stipulated to all the relevant facts. The defendant is an insurance company. The plaintiff was furnished by his employer, M & S Foreign Car Service ("M & S"), with group term health and life insurance coverage under an "Employer Plan," underwritten by the defendant. Under this policy, both the plaintiff and his wife had health care insurance coverage. All of the premiums were to be paid by M & S.

The policy provided that upon failure to make timely payment of the insurance premium the insurance coverage would terminate. It provided, further, that in the event that the coverage terminated for any reason, the plaintiff had the privilege of converting his group term health and life insurance coverage to individual life and health policies.

In September 1981, M & S notified the plaintiff that it would pay all necessary premiums under the policy. The premium payment due on August 30, 1981, however, was not made. As a result, the defendant notified M & S a short time later that the policy had lapsed due to the non-payment and that all coverage would terminate as of September 30, 1981. Even though the defendant had in its possession personal information regarding the plaintiff and his wife, including their names, ages, social security numbers, and home address, it never advised plaintiff or his wife that the policy was in jeopardy of lapsing, that it

had lapsed, or that plaintiff might consider exercising the conversion option. M & S also failed to inform the plaintiff of the impending lapse or the termination of the insurance policy. The plaintiff was left believing, without any notice to the contrary, that he and his wife were covered by health insurance.

In late December 1981, plaintiff's wife became ill and required extensive medical and hospital care. The expenses amounted to approximately $34,268.86. Eventually, as a result of her illness, she died.

The plaintiff applied to the defendant pursuant to the insurance policy for payment of the billings or for reimbursement to the plaintiff or those individuals who had provided health care to the plaintiff's wife. The defendant denied liability on the ground that, prior to December 1981, the date when the medical expenses were incurred, the policy had lapsed for non-payment of the premiums.

In this lawsuit, the plaintiff seeks to recover the principal sum which would be due and owing to plaintiff under the terms of the policy. The parties agree and stipulate that damages, in the event that the defendant is found liable, total $34,424.11. In support of its claim, the plaintiff asserts that the defendant is liable under the policy since the defendant failed to notify the plaintiff, who relied on that insurance coverage, of the termination of that coverage.

## II. DISCUSSION

■ Under Pennsylvania law, unless a non-contributory group insurance contract provides that coverage terminates automatically upon the happening of an event, the insurer must give notice of termination to each member of the group. *See Poch v. Equitable Life Assurance Society of United States*, 343 Pa. 119, 22 A.2d 590 (1941). *See also* Pa.Stat.Ann. tit. 40 § 756.2(d) (Purdon 1983). The court finds justification for this rule in that the burden on the insurer to send written notification of the termination to each member of the group is slight, and the risk of personal liability for high medical expenses on the insured is

great. *See generally Poch v. Equitable Life Assurance.*

In this case, the insurance policy's termination provision provided in relevant part:
> All of your insurance (including any for your dependents) will terminate when: ... (6) you fail to make any required contribution for insurance when due....

The defendant would have this termination provision construed to mean that the insurance coverage terminated automatically when M & S failed to remit the payment when it was due. The defendant argues that if such a construction were adopted, both the insured's coverage and any duty to notify the insured of the termination automatically terminated on August 30, 1981. In support of its position, the defendant cites numerous Pennsylvania cases where the group policy expressly provided that that coverage automatically terminated upon the happening of an event. *See Hanaieff v. Equitable Life Assurance Society of United States*, 371 Pa. 560, 92 A.2d 202 (1952); *Best v. Equitable Life Assurance Society of United States*, 365 Pa. 418, 76 A.2d 220 (1950); *Peyton v. Equitable Life Assurance Society of United States*, 159 Pa.Super. 318, 48 A.2d 145 (1946).

■ Under Pennsylvania law, insurance policies are construed against the drafter. *Snader v. London & Lancashire Indemnity Co.*, 360 Pa. 548, 62 A.2d 835 (1949). The court finds that this contract did not provide that coverage will "automatically" terminate upon non-payment of the insurance premium. The defendant indicated that it was aware of the implications of the phrase "automatic termination" because the defendant provided elsewhere in the policy that:
> if Prudential does not receive ... proof [of incapacity] within 60 days of any such request then, even if that dependent is still incapacitated, coverage with respect to him shall automatically terminate at the end of such 60 day period....

In contrast, the defendant's policy did not provide that the coverage terminated auto-

matically when plaintiff failed to make payment when due. In addition, the insurance company gave notice of the policy's lapse to the employer. The defendant indicated by this conduct that it construed the policy provision to require some notice be given and termination of the coverage was not automatic.

Therefore, the court determines that the insurance policy did not terminate automatically on the non-payment of the insurance premium. The insurer had the continuing obligation to notify the insured of the policy's impending termination and of the insured's option to convert. The insurer failed to give the appropriate notification. Thus, the insurer is liable under the policy.

## III. CONCLUSION

An Order awarding judgment in the amount of $34,424.11 to the plaintiff and against the defendant will be entered.