Stephanie DePASQUALE

v.

AETNA LIFE INSURANCE CO.,

and

Parelin USA, Inc.

Civ. A. No. 89–6877.

United States District Court, E.D. Pennsylvania.

Aug. 23, 1990.

---

365

Terry L. Fromson, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Morton F. Duller, Rawle G. Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Stephanie DePasquale initially filed this action on August 23, 1989 in the Court of Common Pleas of the City of Philadelphia, seeking damages against her

employer (defendant Parelin) and an insurance company (defendant Aetna Life Insurance) for allegedly withholding benefits due her under an employee benefit plan. By notice of removal filed September 25, 1989, defendant Aetna removed this action to federal court on the theory that plaintiff's claims effectively arise under the Federal Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, commonly known as ERISA. Currently before this court is plaintiff's motion to remand. Also before this court is plaintiff's motion to strike one of defendant Aetna's reply memoranda, and an attached exhibit,[1] filed in opposition to plaintiff's motion to remand. Defendant Parelin has filed no submissions in regard to either removal or remand.

Specifically, plaintiff seeks relief for substantial medical expenses that she incurred without insurance coverage and without knowledge of her uninsured status in connection with the birth of her daughter. According to her complaint, she held a group insurance policy through her employer, and completed forms necessary to convert her coverage to an individual policy when she left employment to give birth. Defendant Aetna acknowledged receipt of such forms by letter and requested payment of a full initial premium by January 7, 1988, upon receipt of which a final determination of eligibility for coverage would be made. Plaintiff gave birth on December 28, 1987, and began incurring expenses which were submitted to defendant Aetna. On January 4, 1988, Aetna certified an additional day of hospitalization. On January 5, Plaintiff provided to Aetna full payment of the initial premium. By letter dated February 18, Aetna notified plaintiff that it was unable to issue her a conversion policy because her employer's group policy had been canceled in its entirety as of November 15, 1987.

Plaintiff's first cause of action charges defendants with violation of the Pennsylvania Casualty Insurance Law, which requires notice and provision of a converted policy to an individual whose group medical insurance policy has been terminated "for any reason." 40 P.S. § 756.2(d). On the same facts, plaintiff also asserts causes of action under the state common law of detrimental reliance and under the Pennsylvania Unfair Trade Practices Act, 73 P.S. § 201-1 *et seq.*

## Motion to Strike

In its reply memorandum, filed December 4, 1989, defendant Aetna contends that plaintiff's complaint incorrectly identifies Pennsylvania as the state in which her insurance policy was issued. A copy of plaintiff's insurance policy is attached to defendant's memorandum as an exhibit to support the allegation that Delaware was the true state of issuance. On the basis of these submissions, defendant contends that plaintiff has improperly stated a cause of action under the Pennsylvania Casualty Insurance Law. Plaintiff has moved to strike these submissions, contending that its motion to remand must stand or fall on the allegations contained in the complaint.

It would be inappropriate for this court to begin to make findings of fact while its very jurisdiction to hear any aspect of this case remains suspect. In deciding whether this action lies within our removal jurisdiction or belongs on remand in the state court, this court need only consult the face of plaintiff's complaint. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Allstate Insurance Co. v. The 65 Security Plan*, 879 F.2d 90 (3d Cir.1989); *Lancaster General Hospital v. Emergency Health Services Federation*, 534 F.Supp. 1106 (E.D. Pa.1982). At this juncture, therefore, we refrain from determining the actual state of issuance, though nothing prevents defendant from returning to this issue at a later procedural stage.

---

**1.** The specific document bears the somewhat cumbersome title "Defendant Aetna Life Insurance Company's Reply to Plaintiff's Response to Defendant's Reply to Plaintiff's Motion to Remand and Attached Exhibit."

Having determined that we need undertake no inquiry beyond review of plaintiff's complaint, this court will decline to consider defendant's challenged submissions as well as plaintiff's motion to strike. Accordingly, in the accompanying order plaintiff's motion to strike will be denied as moot.

### *Motion to Remand*

■ Defendant Aetna removed this action to federal court on the ground that plaintiff's state law claims have been preempted by ERISA and thus arise under federal law. Plaintiff seeks a remand, contending that her state law claims survive ERISA preemption. In determining the extent of ERISA's preemptive reach, courts have focused on three relevant provisions of that Act:

[*The Preemption Clause*:] Except as provided in subsection (b) of this section [*the saving clause*], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. 29 U.S.C. § 1144(a).

[*The Saving Clause*:] Except as provided in subparagraph (B) [*the deemer clause*], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A).

[*The Deemer Clause*:] Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies. Section 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B).

The net effect of these clauses is to except state laws regulating insurance from the broad sweep of ERISA's preemptive power, and to prevent certain benefit plans from disguising themselves as insurance operations so as to avoid preemption. See *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

Plaintiff contends that the Pennsylvania Casualty Insurance Law ("PCIL"), the basis of her "primary cause of action," is exempt from preemption as a state law that regulates insurance. She relies chiefly on *Hall v. Pennwalt Group Comprehensive Medical Expense Benefits Plan*, Civ. Action No. 88–7672, Dec. 27, 1988, WL 139625 (E.D.Pa.) which recently held that PCIL falls under the saving clause and thus survives ERISA preemption. Plaintiff further contends that the other causes of action alleged in her complaint are inextricably linked to her primary allegations under PCIL and thus cannot serve as a basis for removal in their own right.

Defendant Aetna denies that PCIL creates a private right of action, and thus contends that plaintiff's claim is essentially a claim for breach of contract at common law. Relying chiefly on *Pilot Life, supra*, defendant further contends that "common law causes of action ... based on alleged improper processing of a claim for benefits under an employee benefit plan" do not fall within the scope of the saving clause. 481 U.S. at 48, 107 S.Ct. at 1553. Finally, defendant contends that, even if the relevant sections of PCIL are held not to be preempted by ERISA, the other causes of action alleged in the complaint are preempted and thus provide separate and independent grounds for removal.

■ Although PCIL does not expressly create a private cause of action, it has been recognized as creating one by implication. See, e.g., *Hall, supra; Olkowski v. Prudential Insurance Co. of America*, 597 F.Supp. 1197 (E.D.Pa.1984); *Perry v. Middle Atlantic Lumbermen's Association*, 373 Pa.Super. 554, 542 A.2d 81 (1988) (discussing legislative history). Defendant suggests that section 763, which authorizes the Insurance Commissioner to pursue punitive actions and penalties against insurers and their agents, should be viewed as providing PCIL's exclusive means of enforcement. 40 P.S. § 763. Yet, this section provides no mechanism for reimburs-

ing individual insureds for losses incurred as a result of a breach. Such silence should not be taken to preclude civil enforcement by private parties necessary to fulfill the mandate of the statute. See *Cannon v. University of Chicago,* 441 U.S. 677, 703, 99 S.Ct. 1946, 1961, 60 L.Ed.2d 560 (1979) (When a private remedy "is necessary or at least helpful to the accomplishment of the statutory purpose, the Court is decidedly receptive to its implication under the statute."). In short, defendant has failed to suggest a compelling ground for reaching a conclusion that departs from those authorities that recognize the implication of a private right.

■ PCIL falls within the scope of ERISA's saving clause and thus escapes preemption. Judge VanArtsdalen's analysis of the same statute in *Hall, supra,* applies here as well. *Hall* rests on the basic conclusion that PCIL is a state law that regulates insurance. *Pilot Life* addresses a different situation: one in which a plaintiff's claims are based on general principles of tort and contract rather than on the mandate of a particular statute. Indeed, it is difficult to characterize the broadly applicable concepts of the common law as "specifically directed toward" the insurance industry. *Pilot Life,* 481 U.S. at 50, 107 S.Ct. at 1554. However, there can be little doubt that PCIL specifically targets the insurance industry.

■ Finally, the two additional causes of action alleged in plaintiff's complaint do not constitute separate and independent grounds for removal. The relevant section of the federal removal statute provides:

[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). The question, therefore, is whether plaintiff's additional claims are "separate and independent" from her claim under the PCIL.

In *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951), which both parties recognize to be the controlling authority, the Supreme Court held that

where there is a single wrong to plaintiff ... arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

In the present case, plaintiff bases her claim on several legal theories asserted under the rubric of cognizably different causes of action. Nevertheless, plaintiff has essentially alleged a single injury stemming from a single wrong—the denial of benefits due on conversion. All of her claims arise from the same alleged progression of facts. All of her claims allege failure by defendant Aetna to handle conversion in a legally responsible manner,[2] and thus substantially overlap with her claim under PCIL. Therefore, plaintiff's additional causes of action cannot be regarded as separate and independent under § 1441(c). *Lancaster General Hospital,* 534 F.Supp. at 1108 (removal denied where "[a]ll of plaintiff's complaints revolve around a single perceived wrong"); *Nobers v. Crucible, Inc.,* 602 F.Supp. 703, 708 (W.D.Pa.1985).

---

**2.** Plaintiff's claim of detrimental reliance specifically alleges that

[d]efendant insurance company caused plaintiff to justifiably rely to her detriment on the timely conversion of her group policy health insurance policy by a) failing to timely inform plaintiff of any impediment to conversion, b) acting on plaintiff's application for conversion; and c) approving plaintiff's hospital stay. Complaint ¶ 33.

Plaintiff's claim of violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law specifically alleges that

[d]efendant insurance company violated [said Act] by, *inter alia,* a) failing to inform plaintiff of the cancellation of the group insurance plan,; b) acting in such a way as to deceive plaintiff with respect to her ability to obtain a converted insurance policy; c) deceptively representing that plaintiff was covered by a health insurance plan when in fact she was not. Complaint ¶ 36.

Accordingly, plaintiff's motion to remand will be granted in the accompanying order.

## ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED and DIRECTED that plaintiff's MOTION TO STRIKE is DENIED as moot, and plaintiff's MOTION TO REMAND is GRANTED.