1098

MORRIS HATCHETT, ADMINISTRATOR OF THE ESTATE OF LULA MADDEN, DECEASED, APPELLANT, V. COSMOPOLITAN LIFE, HEALTH AND ACCIDENT INSURANCE COMPANY, A CORPORATION, RESPONDENT.—247 S.W. 2d. 348.

St. Louis Court of Appeals. Opinion filed March 18, 1952.

*Silas E. Garner* for Appellant.

*Shifrin & Shifrin, J. Leonard Kline* for Respondent.

WOLFE, C.— This is an action on two policies of insurance on the life of Lloyd Madden. In both policies Lula Madden was named as beneficiary and she was the original plaintiff, but she died before trial and her administrator, Morris Hatchett, was substituted as the party plaintiff. One of the policies is for $295 and was issued on August 2, 1943. The other is for $204 and was issued on June 6, 1945. Both were allowed to lapse on the 15th of November, 1948, for non-payment of premiums, but both were reinstated on January 3, 1949, upon the application of the insured. The insured died on October 2, 1949, of pulmonary tuberculosis. The policies each contained a provision which states:

"(d) Should the Insured die within 1 year from the date of this Policy and the death be caused by or contributed to by any disease of the heart, lungs, liver or kidneys, Bright's Disease, Diabetes, Cancer, Insanity, Arterio Sclerosis, Cerebral Hemorrhage, Apoplexy, Ulcers of the Stomach, Pernicious Anemia, Tuberculosis, Paralysis, Nephritis, Hemorrhage, Aorta, Tumor, Rheumatism, Dropsy, Embolism, Uremia, Venereal Disease, Syphilis, or any chronic disease, the Company will pay only one-fifth of the amount which would otherwise be payable under the terms of the Policy."

The defendant tendered into court $99.80, which is one-fifth of the total sum sued for. This was done on the stated theory that the policies started anew on the date of January 3, 1949, when they were reinstated. Upon this assumption the company maintained that since the insured died of tuberculosis within one year after the reinstatement date it was obligated to pay only one-fifth of the amount that would otherwise be payable.

The case was submitted to the court on the pleadings which alleged the foregoing facts and the two policies which were in evidence. There-

after, the court entered a judgment for $99.80. From the judgment plaintiff prosecutes this appeal and maintains that the court erred in not entering judgment for $499, the full amount sued for.

There is but one question for determination by this appeal and that is whether or not the policies were new policies as of the date of their reinstatement, January 3, 1949. If they were, then the clause relating to death within a year would apply from that date, and since the insured died on October 2, 1949, the one-year clause would apply and the judgment for one-fifth of the amount of the policies was proper. If, on the other hand, the reinstatement put the policies in force from the date they were issued then the first year to which the clause applied was long past and the judgment should be for the full amount of the policies.

The problem is one that has never been decided by the courts of Missouri, but the defendant relies for support of its position on several cases relating to the reinstatement of policies of insurance. The first of these is Jenkins v. Covenant Mutual Life Ins. Co., 171 Mo. 375, 71 S.W. 688. That suit involved a life insurance policy that had been allowed to lapse for nonpayment of a premium and it had been reinstated upon a signed warranty that the insured was in good health at the time of reinstatement. The point for determination was whether or not a statute applied to "warranties or representations inducing or constituting part of the contract of reinstatement", or only to representations made upon the issuance of the policy. The court cited with approval 2 Joyce on Insurance, Sec. 1935, stating: "There is no doubt but that the same general rules which govern representations under the original contract would apply to a modification or alteration thereof." It also quoted from Brady v. The Northwestern Insurance Co., 11 Mich. 425, and Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164, and in both of those cases it was held that the renewal of a policy was a new contract of insurance, but the courts were discussing fire insurance policies which terminated with the nonpayment and were reinstated from the date that the insured paid for a new period of coverage. These are obviously different in character from life insurance policies, where all the arrear premiums are required to be paid upon reinstatement. A careful analysis of the Jenkins case would properly confine its holding to the above quotation from 2 Joyce on Insurance.

From the Jenkins case stem the rest of the decisions cited by the defendant. State ex rel. Metropolitan Life Ins. Co. v. Shain, 334 Mo. 385, 66 S.W.2d 871, deals with an attempted fraudulent reinstatement of an insurance policy, and the court, citing the Jenkins case, held that the reinstatement was in effect a new contract against which the insurer could assert that fraud had been perpetrated upon it by the insured in his attempt to have the policy reinstated.

In Williams v. American Life & Accident Ins. Co., Mo. App., 112 S.W. 2d 909, this court was dealing with the application for reinstate-

ment which contained a sound health clause, and the statements we used are similar to those in the two preceding cases. We held that the defense of fraud in obtaining the reinstatement raised a question properly submissible to a jury.

Another case is Gibson v. Kansas City Life Ins. Co., Mo.App., 136 S. W.2d 131, which involved, not a reinstatement, but a note given in payment of a premium, and while noting the holdings in the foregoing cases the court stated: "* * * in determining the issues herein those matters wherein the policy speaks the provisions of the policy prevail, and in those matters wherein the note speaks the note prevails."

Chambers v. Metropolitan Life Ins. Co., 235 Mo.App. 884, 138 S.W. 2d 29, held that an insurer may defend an action on a reinstated policy on the ground that the application was fraudulently made notwithstanding the fact that the incontestable clause in the policy has run.

The last of these cases is Kirby v. Prudential Ins. Co., 239 Mo.App. 476, 191 S.W.2d 379. The insured there had applied for a reinstatement of his policy but his application for reinstatement disclosed that he owned and operated an airplane, and the insurer refused to reinstate the policy unless the insured would by writing exempt the company from liability in case he should be killed while riding in an aircraft. There again it was held that reinstatement of a lapsed insurance policy was a new contract.

From the foregoing cases it is apparent that the insurer may defend a suit brought on a policy, that has been reinstated, upon any ground that arose by reason of the inducements the insured offered to secure the reinstatement. It may be asserted that the reinstatement was never in fact fully consummated where the company offers to conditionally accept it as in the Kirby case, where the reinstatement was optional with the insurer, and in case of fraud in the application for reinstatement the insurer may defend on that ground even though the original policy contains a clause making it incontestable after one year's time from the date of issue and that time has expired. The reason for this is sound for it would be rather absurd to bar the insurer from defending against a fraud when that particular fraud against it could not have existed at the time the policy was originally issued.

But we have none of the situations that were present in the above cases in the one before us. The policies under consideration were admittedly reinstated to the satisfaction of the company after they had lapsed for slightly over a month's time and no fraud of any kind is asserted. They were issued subject to the laws relating to stipulated premium policies which provide for reserves and an increase in rate for each year of the age. Each policy has a table of loan or cash surrender values which increase with the age of the policy according to the reserves accumulated. One of the policies provides that it shall be paid up after twenty full years premiums have been paid. If,

as the defendant contends, new policies came into being at the time of the reinstatement, what became of the reserves? Why was the insured required to pay the amounts in arrears? Why did not the insurer require the insured to pay an increased premium in accordance with his age as the law provides? To simply assert that a new contract of insurance is created upon reinstatement of a lapsed policy leaves all of these questions unanswered.

The clause relating to death from tuberculosis within one year starts with the words "Should the Insured die within one year from the date of *this Policy*". The clause relating to reinstatement is: "At any time within two years after default in the payment of premiums, this Policy may be reinstated, subject to evidence of insurability satisfactory to the Company and the payment of all past due premiums."

In Tatum v. Guardian Life Ins. Co., 75 F.2d 476, the Circuit Court of Appeals, Second Circuit, had under consideration a policy similar to those considered here. In that case the policy provided that if the "insured shall within one year from the date hereof commit suicide * * * the liability of the company shall be limited," etc. The policy was allowed to lapse for nonpayment of premiums and was later reinstated. Within a year after the reinstatement the insured committed suicide and, as here, the company sought to assert that the year mentioned started with the date of the reinstatement. Judge Learned Hand, speaking for the court, stated:

"By its very terms the policy is 'reinstated'; the parties have thus chosen a word which presupposes, not a new contract, but the revival of an old one. The insured must pay not a single premium, but all arrears; and thereafter only at the old rate, however many years have passed. All benefits—e.g., the surrender and loan value, term and paid-up insurance—go again into force as of the original date; they do not begin anew. Moreover, in the case at bar the defence of suicide was limited to one year from 'the date hereof'; that is, the date upon the policy."

The question was resolved with the same reasoning by Judge Sanborn in Business Men's Assur. Co. v. Scott, 17 F.2d 4. See, also, Mutual Life Ins. Co. v. Lovejoy, Ala.Sup., 83 So. 591.

We have been cited to no cases holding to the contrary on a similar state of facts. There are two cases relied upon by the defendant which do state that a new period of coverage starts with the reinstatement. One of these is MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213, 155 A. 491, but that involved an accident policy which provided for reinstatement upon each successive "expiration". The other case is Johnson v. Life Ins. Co. of Virginia, La.App., 169 So. 159. The court there was considering a policy that had no provision for reinstatement and by its terms became "void" upon the nonpayment of any premium. These cases offer no assistance for they were dealing with contracts entirely different from the policies in this suit.

We are obliged to construe the policies by the obvious intendment of the words used. They state in the clause under consideration that the year is from *the date of this policy.* There is nothing in the phrase that would suggest reference to some future reinstatement. ''This'' is a demonstrative word referring particularly to that which is present. The only date it could possibly indicate was the date upon the face of the policies as they were originally issued to the insured. Both policies had been in force a number of years and the period of limited liability had expired so that death from any cause imposed upon the defendant an obligation to pay the full amount for which it had insured Madden's life.

From the foregoing your Commissioner concludes that the learned trial Judge erred and that the plaintiff should have judgment for the full amount sued for with interest from the date of demand.

It is therefore recommended that the judgment be reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of Wolfe, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded with directions to enter judgment in accordance with the recommendation of the Commissioner. *Bennick, P.J., Holman, J.,* and *Anderson, J.,* concur