**Ethel RANDALL, Appellant,**

v.

**WESTERN LIFE INSURANCE COMPANY, Respondent.**

No. 23129.

Kansas City Court of Appeals.

Missouri.

June 6, 1960.

Southall & Southall, Kansas City, for appellant.

Ayers Blocher, Kansas City, for respondent.

CROSS, Judge.

Plaintiff sues to recover death benefits under a $500 life insurance policy issued by defendant on the life of her husband, George Lee Randall, who died June 20, 1957. The cause was tried to the court upon waiver of a jury. The court found the issues in favor of defendant, but en-

tered a judgment for plaintiff in the limited sum of $16.60, representing a return of premiums which defendant had deposited in court. Plaintiff has appealed.

Plaintiff and defendant are in substantial agreement on the facts. Defendant is a Missouri insurance company, organized under the stipulated premium law, Chapt. 37, Art. IV, RSMo 1929. The instrument in suit is a twenty-year term, non-participating life policy issued on April 1, 1943 in consideration of a monthly premium of $1.66, and designates plaintiff as beneficiary.

The policy provides (1) that it shall become void upon default in payment of any premium; (2) a thirty-one day grace period, without interest charge, within which death benefits are payable; (3) for reinstatement on written application within one year after premium default, subject to satisfactory evidence of insurability and payment of delinquent premiums, with interest.

All premium installments were paid prior to August 1, 1955. The premium due on that day was not paid and no payment was made until November 1, 1955, on which day plaintiff tendered and defendant accepted the sum of $4.98. The issues before us stem primarily from divergent contentions of the parties as to the legal allocation of this sum in paying premiums.

Admitted in evidence were three written applications for reinstatement of the policy, in which defendant claims material misrepresentations were made as to insured's condition of health. Plaintiff says that any misrepresentation, if made, was immaterial, as the policy was never in default after November 1, 1955.

Insured was an inmate of the Veterans Hospital at Wadsworth, Kansas, from March 12, 1956, to June 3, 1957. Plaintiff testified that to the best of her knowledge, her husband was hospitalized for arthritis and that she did not know he had cancer.

The official certificate of insured's death is in evidence. It certifies that George Lee Randall died June 20, 1957, and that the disease or condition directly leading to his death was carcinoma of the rectum and metastasis. No other evidence touches upon the cause of insured's death.

Upon plaintiff's demand for payment of death benefits, defendant denied liability on the ground that the policy was not in effect. After suit was filed, defendant tendered into court the sum of $16.60 as a return of premiums.

Plaintiff first and principally contends that the judgment is contrary to the evidence and the law, because (1) a new contract and premium schedule arose by reason of premium payments made November 1, 1955, in the sum of $4.98; (2) applications for reinstatement were improperly admitted and not material; and (3) the defense of alleged misrepresentation was not available, as defendant had not deposited in court all premiums received on the policy.

In resolving these questions, the following policy clause will be considered: "If any premium or installment thereof shall not be paid on the day when due, this policy shall become void without notice from the Company".

Plaintiff says, "the policy lapsed on 8-1-1955 and was void thereafter until a payment was made 11-1-1955", and that there was no insurance in force from August 1, 1955, to November 1, 1955. On such premise plaintiff argues that the sum of $4.98, remitted November 1, 1955, was consideration for a new contract of insurance arising instanter by operation of law; that the sum of $4.98 effected three premium payments on the "new contract", to wit: installments due November 1, 1955, December 1, 1955, and January 1, 1956. Having so rationalized, plaintiff further argues that by reason of subsequent premium payments fully in compliance with the schedule therefor, the policy never again lapsed, and

that no reinstatement, although applied for and granted, was in fact needed.

The frailty of the proposition above advanced lies in the assumption that the policy became void immediately after August 1, 1955. The policy itself speaks otherwise in the following language: "In the payment of the second and subsequent premiums, a grace of thirty-one days will be allowed, without interest charge, and if the Insured die during the said thirty-one days, the unpaid premium will be deducted from the amount payable under this policy."

The foregoing is clear and unambiguous. It is not in conflict with the clause providing that the policy shall become void if any premium or installment shall not be paid when due. The last quoted clause simply affords a grace period of thirty-one days in which (1) premiums may be paid although delinquent after the scheduled due date, and (2) the policy shall be fully in effect as to insurer's liability for death benefits.

During the grace period, the parties are completely in statu quo as to (1) the right of insured to pay premium so as to avoid lapse, and (2) the duty of defendant to pay benefits if death occurs. No rights of either party are affected or diminished during the thirty-one days following the scheduled due date. Neither logic nor precedent permits us to regard an instrument as null and void while it remains undiminished in original effect and vitality.

Only at the end of the grace period do the rights of the parties expire. Not until then is insured precluded from the absolute privilege of paying the premium due, or is insurer unqualifiedly relieved of its liability for loss. The "day when due" in the first instance was August 1, 1955, but it became a new and succeeding day as the procession of 31 days came and went. The 31st day was the last "day when due".

At the first instant of the 32d day, the policy expired—not before.

We rule that the policy did not lapse or become void immediately after August 1, 1955, but that it did lapse immediately after the grace period of 31 days. See, 45 C.J.S. Insurance § 625, p. 488; Simpkins v. Business Men's Assur. Co. of America, 31 Tenn. App. 306, 215 S.W.2d 1; Goldberg v. Mutual Life Ins. Co. of New York, 263 App.Div. 10, 31 N.Y.S.2d 154; Aetna Life Ins. Co. v. Wimberly, 102 Tex. 46, 112 S.W. 1038, 23 L.R.A.,N.S., 759.

The policy remained in such condition of lapse (whether or not it was "void" we need not rule) until November 1, 1955, the date defendant accepted three premium installments totaling $4.98, thereby reinstating the policy. It is not shown in evidence that the reinstatement was made on written application. It is unnecessary to decide whether a "new contract" arose on November 1, 1955, as plaintiff insists. We do find that the reinstatement caused a resumption of contractual relations between insurer and insured on November 1, 1955, under the terms of the policy as first written.

The policy contract controls the disposition of the sum of $4.98 paid upon reinstatement by the following clause: "This policy may be reinstated on written application therefor within one year after nonpayment of any premium, subject to evidence of insurability satisfactory to the Company, and upon payment of delinquent premiums, with interest at six per cent per annum to date of restoration".

It has been demonstrated that the policy was *in full force* during the grace period following August 1, 1955. The premium pledged as consideration for the coverage had not been paid and was delinquent under the contract. Defendant was entitled to satisfaction of the debt.

Plaintiff has cited and quoted from numerous cases belaboring the point that no premium is due for any interim while the

policy *is not in force*. We recognize and follow that rule.

We also observe and apply the converse principle that the insurer is entitled to a premium it has earned while its policy is in force. 44 C.J.S. Insurance § 355, p. 1330, states the following: "Where a valid contract of insurance has been effectuated, and the contract or policy has attached to the risk insured against, insured becomes liable for premiums earned during the life of the policy or contract of insurance".

Plaintiff has cited and relies upon the case, Watson v. Commonwealth Life & Accident Ins. Co., Mo.App., 17 S.W.2d 570, 571. That decision has vital bearing on the issues before us. The instrument involved there was a term policy of accident insurance with premiums payable in weekly installments. It provided a grace period of 4 weeks; also for reinstatement upon written application and "payment of all premiums in arrears".

Plaintiff concedes and urges in her brief that the policy in the Watson case, being a month to month contract, bears identity to the policy in suit.

The Watson case announces persuasive principles and prescribes a formula for premium allocation (upon reinstatement) which are applicable here. The following is excerpted from the opinion: "The policy in suit provides that after a lapse it may be revived upon payment of all premiums in arrears. It further provides that there shall be no liability whatever for accident occurring or illness contracted prior to or within two weeks following the date of revival. What is meant by the payment of all premiums in arrears? Certainly it cannot be said that the insured was in arrears for the entire period from March 12 to June 11, 1923, because, as is said in the case of Fallis v. Insurance Co., supra, 'that would require the insured to pay something for nothing and would therefore be without consideration.' *The insurance, however, did continue in force for a period of four weeks beginning with the premiums due March 12*, (the grace period), *and therefore the premiums were in arrears for that period, and the company was entitled to charge 50 cents per week, or $2, against the payment of $7.50 made by insured on June 11*". (Emphasis supplied.)

As the insurer in the Watson case was entitled "to charge" for the 4 weeks coverage during grace, so is defendant here entitled to be paid the delinquent premium in dispute.

We so rule, and consider the sum of $1.66 as applied in satisfaction of the premium scheduled for payment August 1, 1955. The remaining sum of $3.32 is held to be payment of premiums on the reinstated policy due November 1, 1955 and December 1, 1955.

After November 1, 1955, premiums were paid as due, until default was made in payment of the installment scheduled September 1, 1956. The policy again lapsed on October 2, 1956, at the end of the grace period. Under plaintiff's evidence, the next premium payment was not made until October 31, 1956. The policy was reinstated on November 8, 1956.

Defendant offered in evidence its Exhibit No. 6, claiming it to be a written application for the reinstatement. The instrument purports to have been executed by insured on October 6, 1956. It contains the following representation: "I hereby state I am in good health, free from all diseases and ailments and that since this policy was issued I have had no injuries, ailments or illnesses and have not been sick nor consulted a physician for any reason, except: . . . none".

The exhibit was admitted in evidence over plaintiff's objection that it had not been identified.

■ We find no impropriety in the trial court's ruling. It was shown by defendant and admitted by plaintiff that the document was produced from defendant's business

records. Defendant's assistant secretary testified that the application was received by mail at the home office, together with an enclosed and accompanying money order, dated October 31, 1956, in the amount of $6.64. Plaintiff admits the money order was mailed as premium payments, but is silent as to authorship of the application. Under such evidence the trial court did not abuse the discretion vested in it by Section 490.680, V.A.M.S.

We believe the instrument is an application made and transmitted by or on behalf of insured and that the reinstatement was granted in reliance upon its truth. The application was necessarily material because the policy had been in lapse since October 2, 1956.

■ The evidence clearly shows that the application contained misrepresentations respecting insured's condition of health, his consultation of doctors and his insurability. The application was dated October 31, 1956. On that identical day, insured was a patient in a United States Veterans Hospital. It can reasonably be inferred that he was then in consultation with doctors and receiving treatment from them. The inference extends to the entire period of his hospitalization from March 12, 1956, to June 3, 1957.

By undisputed evidence, insured was shown to be suffering a fatal malady when the application was made, and had been afflicted by it since June 20, 1955. The death certificate conclusively established the cause of insured's death as carcinoma of the rectum and metastasis, and that the duration of the disease had been two years.

Defendant completely satisfied its burden of proof imposed by Section 377.340, V.A.M.S. Repudiation of the reinstatement was fully justified.

■ Defendant's right to avoid the reinstatement would not be denied even if it be shown or held that the misrepresentations were made in ignorance of the true facts attending. See Woods v. National Aid Life Ass'n, Mo.App., 87 S.W.2d 698.

■ Section 377.320, V.A.M.S., entitled, "Policy incontestable after one year" does not bar defendant from contesting the validity of the policy as reinstated. The statute is inapplicable here, for the reason that the policy had not been in force for one full year after reinstatement. "A reinstated policy should be viewed as a new contract, and the period for contestability for fraud or breach of warranty in the application for reinstatement runs from the time of reinstatement." 45 C.J.S. Insurance § 748b, p. 765; also see Chambers v. Metropolitan Life Ins. Co., 235 Mo.App. 884, 138 S.W.2d 29; Martin v. Metropolitan Life Ins. Co. of New York, Mo.App., 113 S.W.2d 1025.

■ Defendant was not required to deposit in court all premiums received by it under the policy since the date of original issuance. Section 376.610, V.A.M.S., invoked by plaintiff, has no application to the policy in suit. Stipulated premium plan policies are not governed by Section 376.-610, V.A.M.S., but exclusively by Sections 377.210 to 377.460, V.A.M.S.; Blanke v. American Life & Accident Ins. Co., Mo. App., 230 S.W.2d 134. Also see Martin v. Metropolitan Life Ins. Co. of New York, Mo.App., 174 S.W.2d 222.

The total sum of $16.60 was received by defendant as premiums on and after November 1, 1955, the date of reinstatement. This sum was promptly paid into court after plaintiff filed her suit. Prior tender had been refused by plaintiff's attorney. Defendant has fully discharged its duty in respect to refunding premiums due to plaintiff.

The transcript contains evidence of other premium payments, lapses, reinstatements and applications therefor. A review

of the additional evidence is unnecessary for determination of this appeal.

No merit appears in plaintiff's contentions above considered. The general findings of the trial court were in accordance with the evidence and applicable law, and were for the right party.

Plaintiff in one further assignment suggests that the opinion in Hatchett v. Cosmopolitan Life, Health & Accident Ins. Co., 241 Mo.App. 1098, 247 S.W.2d 348, does not constitute the law of this case.

Our view of that case would not affect the result reached. Consequently we refrain from comment.

We conclude that the insurance policy here sued upon was void and of no force and effect at the date of insured's death. Plaintiff is entitled to judgment for only the limited sum of $16.60 tendered into court by defendant as premiums returned.

In accordance with our determinations, the judgment is affirmed.

All concur.