**Marilyn ROBERTSON,**
**Plaintiff-Appellant,**

v.

**The RELIABLE LIFE INSURANCE COMPANY, Defendant-Respondent.**

**No. 38980.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 1, 1978.

Motion for Rehearing and/or Transfer Denied Sept. 5, 1978.

Application to Transfer Denied Oct. 10, 1978.

George R. Gerhard, St. Louis, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Richard B. Scherrer, St. Louis, for defendant-respondent.

GUNN, Presiding Judge.

Plaintiff appeals from the trial court's finding that a policy of insurance issued by defendant, The Reliable Life Insurance Company, covering her deceased husband's life was void for premium nonpayment. Plaintiff alleges that the policy premiums had been paid, or, in the alternative, that Reliable Life had waived any forfeiture of the policy. We affirm the judgment.

Plaintiff's husband, Thomas B. Robertson, contracted with Reliable Life for a $20,000 policy of insurance on his life with a supplemental accidental death benefit of an additional $20,000. Plaintiff was beneficiary under the insurance policy. Terms of the policy required Mr. Robertson to make payments of $34 on or before the 15th day of each month. A grace period of 31 days was provided for late payments, after which time the policy would lapse to be reinstated on the fulfillment of two conditions: (1) payment of all overdue premiums with interest; (2) presentation of evidence of the insured's insurability.

From time to time during the policy period Mr. Robertson was late in making his premium payments but would ultimately catch up and be current except in the situation which we now examine. Mr. Robertson failed to pay the premium due on January 15, 1974. Reliable Life sent him a letter dated March 7, 1974 advising of the delinquency in premium payment and that the policy had lapsed, leaving Mr. Robertson without insurance coverage. The letter offered to reinstate the policy "if payment for all premiums due and past due is made within 30 days of the date of this letter." For acceptance of the foregoing offer before March 15, Mr. Robertson would have been required to remit a payment of $68; after March 15, an additional $34 would

have been required. On March 11 Reliable Life received Mr. Robertson's check in the amount of $34. This check, which was received in Reliable Life's branch office, was deposited but not reported to the home office pending receipt of the balance of the delinquent premium necessary to revive the expired policy. The receipt of a copy of the March 7 letter and the $34 check by the branch office triggered a number of administrative and accounting changes in the handling of Mr. Robertson's account, characterized chiefly by placing his account into the "lapsed file" and entering his payment in a separate account book referred to as "the revival booklet." A representative of Reliable Life also telephoned Mr. Robertson to advise him that the insurance policy had lapsed and that he had no insurance coverage. Mr. Robertson stated to the representative that he had already made out a check to cover the delinquent premium and would be mailing it on Friday which, according to the evidence, would be one or two days after the telephone call. The representative's response to Mr. Robertson's suggestion was: "[F]ine Mr. Robertson. I just wanted you to be aware of the condition of your insurance." On Friday, March 20, 1974 Mr. Robertson was killed in an automobile accident. In his possession was a $68 check payable to Reliable Life, which was subsequently mailed to the insurance company by Mr. Robertson's son on March 21 and received by Reliable Life on March 26. The envelope in which the check was sent was postmarked March 22, 1974. Reliable Life's employee, aware of Mr. Robertson's death when he received the $68 check, placed it in his desk to await advice of counsel. On April 1, 1974 the uncashed check was sent to plaintiff along with Reliable Life's check for $34 representing the return of the March 11 payment. Plaintiff claimed the $40,000 death benefit under the policy, but Reliable Life declined to pay, asserting that at the time of Mr. Robertson's death the policy was not in force. Plaintiff thereafter initiated this suit for

recovery of the $40,000, plus damages for vexatious refusal to pay. The trial court found that the policy was void at the time of Mr. Robertson's death and denied recovery.

■ Plaintiff's first point on appeal is that the trial court erred in concluding that the policy was void for nonpayment because the payments were made and accepted by Reliable Life. We must reject plaintiff's contention. It is a fundamental tenet that where premiums are not paid as required under the insurance contract, there is no insurance coverage for the insured. *Hampton v. Metropolitan Ins. Co.,* 528 S.W.2d 17 (Mo.App.1975). See also *Citizens Nat. Bank v. State Farm Mut. Ins. Co.,* 552 S.W.2d 50 (Mo.App.1977). While the burden is upon the insurer to prove the policy's lapse and forfeiture of benefits by the insured by reason of nonpayment of premiums, *Boyle v. Colonial Life Ins. Co. of America,* 525 S.W.2d 811 (Mo.App.1975), we believe that the evidence here clearly establishes that the policy had lapsed for premium nonpayment. By the terms of the policy, premiums were required to be paid by the 15th of each month. Reliable Life did not receive the January, 1974 premium until March 11, 1974, substantially beyond the grace period.[1] According to the policy, payment had to be made before the end of the grace period; otherwise benefit coverage lapsed to be reinstated only upon proof of insurability and payment of all overdue premiums. Reliable Life did advise Mr. Robertson by its March 7 letter that the policy had lapsed but could be reinstated if he paid all premiums "due and past due" within 30 days. At the time of the March 7 letter, a payment of $68 was required to comply with the communicated conditions for reinstatement. On the date of Mr. Robertson's death, March 20, an additional $34 was due. Mr. Robertson had sent only $34. Thus, the conditions of reinstatement had not been fulfilled. The policy was not reinstated, and there was no coverage for Mr.

1. One of plaintiff's exhibits was a check dated January 25, 1974 payable to Reliable Life and marked "paid" January 31, 1974. There is no explanation in the record in this regard, but a fair inference is that the December, 1973 premium was not paid until January 25, 1974.

Robertson. *Hatchett v. Cosmopolitan Life, Health and Acc. Ins. Co.,* 241 Mo.App. 1098, 247 S.W.2d 348 (1952); *Beeman v. Kansas City Life Ins. Co.,* 104 S.W.2d 391 (Mo.App. 1937).

■ The simple fact is that the policy had lapsed for nonpayment of premiums, and the past due premiums had not been paid at the time of Mr. Robertson's death. The conditions for reinstatement were not met. The policy was consequently void and of no force or effect on the date of death. *Randall v. Western Life Ins. Co.,* 336 S.W.2d 125 (Mo.App.1960). After having become forfeited in the lifetime of Mr. Robertson, the policy could not be resuscitated or continue to endure as a contract after his death. His death cancelled the possibility of resurrecting the policy of insurance. *Hamilton v. Northeast Mut. Ins. Ass'n,* 116 S.W.2d 159 (Mo.App.1938). The subsequent tendering of past due premium payments after his death would have no effect on reviving it.

Plaintiff argues that she sent Reliable Life the balance of the money necessary to reinstate the policy within the thirty day period stipulated in the letter and that this fulfilled the conditions necessary for reinstatement. In order for the policy to have been in force at the time of the death, it must have been reinstated on or before March 20, 1974. Plaintiff did not send the check until March 21, 1974. Further, the letter which stipulated the conditions for reinstatement stated that insurance coverage would resume as of the date payment was postmarked. This was March 22, 1974, two days after Mr. Robertson's death.

■ Plaintiff next argues that Reliable Life did not properly tender back the money sent by plaintiff; therefore, she argues, it accepted payment and waived its claim that the policy was not reinstated. This argument lacks merit for several reasons: (1) as noted above, even if the payment made by plaintiff reinstated the policy it did not do so until March 22, two days after Mr. Robertson's death, the only event which could cause Reliable Life's liability to arise. (2) Reliable Life did not negotiate the

check, and the trial court held that inasmuch as payment was tendered back within a reasonable time, it was not accepted. Reliable Life returned plaintiff's check within six days, two of which were on a weekend. The court found that tender back in this time was reasonable and the circumstances of this case support this finding. Under the standard of review announced in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the trial court's finding must be upheld. (3) Plaintiff's reliance on certain cases which state that tendering back of premiums received before and rejected after the death of the insured must be made to his administrator is misplaced. Those cases are not apt here, because the payment was made by the plaintiff after the insured's death.

■ Plaintiff's second point is in the alternative. She suggests that even if we find that Mr. Robertson did not pay the required premiums, the policy was in effect at the time of his death because Reliable Life waived the forfeiture. Plaintiff suggests waiver by reason of Reliable Life's letter to Mr. Robertson stating that the policy would be reinstated upon payment of past due premiums and by the telephone conversation of its representative stating that it would be "fine" if the past due premium check were sent on the following Friday. We see nothing in either the letter or telephone conversation which implies any waiver of the policy conditions. Rather, both the letter and telephone conversation were clearly designed to impress upon Mr. Robertson that the policy had lapsed and could be reinstated only upon payment of past due premiums before a particular date and, certainly, before Mr. Robertson's death. We are not insensate to plaintiff's plight, but we simply cannot find any basis for relief for her or a finding other than that the policy had completely lapsed prior to Mr. Robertson's death.

The trial court concluded—and we agree—that there was no waiver of the policy termination provisions. The policy specifically provided that it would lapse on nonpayment of premiums beyond the grace period. The trial court correctly found that

there was no waiver of those policy provisions. The true syllogistic conclusion is that the policy was not in force at the time of Mr. Robertson's death.

Judgment affirmed.

WEIER and KELLY, JJ., concur.