946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence EVANS, Jr., Deceased, Plaintiff-Appellant,
Cherri Ella Evans and Latonya Eunice Evans, Plaintiffs,
v.
NEW YORK LIFE INSURANCE COMPANY and Ella Evans, Defendants-Appellees.
 No. 91-3052.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1991.
 
 Before RALPH B. GUY and SILER,* Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The district court by summary judgment held that defendant-appellee[1] New York Life Insurance Company (the "Company") did not waive its right to forfeit a $100,000.00 life insurance policy (the "Policy") by waiting two years and two months after discovering the insured's death to dishonor the Policy and return the premium. On appeal,[2] the only issue is whether the Company's retention of the premium constitutes a waiver of the Company's right to forfeit the Policy. For the following reasons, we affirm the district court's judgment.
 
 I. FACTS
 
 2
 The facts are undisputed. The Company issued the Policy to the insured's spouse (the "Policyholder"), which provides:
 
 
 3
 Life Insurance Benefit. We will pay the ... proceeds to the beneficiary promptly when we have proof of the insured's death, if premiums have been paid as called for in the premiums section.
 
 
 4
 Payment of Premiums. Each premium is payable, while the insured is living, on or before its due date....
 
 
 5
 Grace Period. We allow thirty-one days from the due date for payment.... All insurance continues during this grace period.
 
 
 6
 Non-Payment.... If a premium is not received by the end of the grace period, this policy will lapse and all insurance will end.
 
 
 7
 Reinstatement. Within five years after lapse, you may apply to reinstate the policy. We must have evidence of insurability.... All overdue premiums must be paid, with interest.... We do not need evidence of insurability if we received the required payment within thirty-one days after the end of the grace period, but the insured must be living when we receive it.
 
 
 8
 The Company did not receive a due premium, and it sent the Policyholder a lapse notice, which granted the Policyholder until September 4, 1986, to pay the premium. The Company did not receive the premium timely, and the Policy lapsed for non-payment on September 5, 1986. On September 12, 1986, the Policyholder killed the insured. On October 21, 1986, the Company received the past due premium in its Minneapolis offices, rather than its New York offices. The premium was held "in suspense" until October 26, 1986, when the Company credited it to the Policy. On November 12, 1986, the Company first discovered the insured's death. Thereafter, the Company began investigating its belief that someone had forged the insured's signature on the Policy application. On August 20, 1987, the Policyholder was convicted of voluntary manslaughter. Due to her conviction, the Policyholder was disqualified from receiving the Policy proceeds. The decedent's minor children succeeded to the Policyholder's interest in the Policy and requested that the Company pay them the Policy proceeds. In a January 12, 1989, letter, the Company informed plaintiff that the Policy lapsed for non-payment prior to the insured's death and, in any event, was void because the insured's signature had been forged on the Policy application. Along with the letter, the Company mailed a check to plaintiff for all premiums paid on the Policy, with interest. Plaintiff refused to accept the check.
 
 II. ANALYSIS
 
 9
 As this is a diversity case under 28 U.S.C. § 1332, Ohio law applies. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Citing Miraldi v. The Life Ins. Co. of Va., 356 N.E.2d 1234 (Ohio App.1971), plaintiff argues that the Company waived its right to forfeit the Policy. In Miraldi, the court held that the company returned the premiums within a reasonable time, but it implied that a company which unreasonably retains premiums must reinstate the policy when it stated:
 
 
 10
 Does the retention of premiums ... for almost two years after the death of the insured, constitute a waiver of forfeiture? We find no Ohio cases on point. However, in Frick.... there is dicta that the failure to return a premium.... under circumstances amounting to a fraud upon the company, after learning of the death ..., constitutes an election by the insurer to continue the policy in force. Id. (citing Frick v. Prudential Ins. Co., 25 Ohio L.Abs. 139 (Ohio App.1937)).
 
 
 11
 Here, the Company did not elect to continue the Policy in force or intend to relinquish or waive its right to forfeit the Policy. Frick, 25 Ohio L.Abs. at 142-44. Once the Policy lapsed, any payment then made was subject to the Policy's conditions. Id. The Policy states that reinstatement after the 31 day grace period requires "evidence of insurability." Tendering the premium, without disclosing the insured's death, was a fraud upon the Company. Id. The Company can repudiate acceptance of the premium, because it would not have accepted the premium, if it had known the true facts. Id. After it accepted the premium, it retained the premium for several valid reasons, the most significant of which was the Policyholder's being charged with and, eventually, convicted of killing the insured.
 
 
 12
 Furthermore, there cannot be a waiver after the policy lapses for non-payment and the insured dies. See Southern States Life Ins. Co. v. Matthews, 205 F.2d 830, 832 (4th Cir.1953) (insurance on a non-existent life has no legal validity); Commercial Standard Ins. Co. v. Robertson, 159 F.2d 405, 408 (6th Cir.1947); National Beneficial Life Ins. Co. v. Brown, 154 S.E. 469, 471 (Ga.App.1930); see also Allstate Ins. Co. v. Mooney, 562 S.W.2d 950 (Tex.App.1978); Robertson v. Reliable Life Ins. Co., 570 S.W.2d 787 (Mo.App.1978); Nawcus Benevolent Auxiliary v. Levin, 162 S.E.2d 738 (Ga.App.1968). Only the reinstatement provisions remained in force and effect after the Policy's lapse, and these provisions required "evidence of insurability" for reinstatement of the Policy. See Decker v. N.Y. Life Ins. Co., 76 P.2d 568, 571-72 (Utah 1938): see generally 3A Appleman Insurance Law and Practice, § 1861. Thus, the only contractual rights remaining immediately preceding the insured's death dealt with reinstatement. Once the insured died, the right to reinstatement became void. Id.
 
 III. CONCLUSION
 
 13
 A waiver or estoppel cannot be predicated upon the Company's mere retention of a premium paid after the insured's death, because: (1) the Company did not elect or intend to waive its right to forfeit the Policy; and (2) the parties' rights became fixed on the date of the insured's death. Accordingly, the district court's Judgment in the Company's favor is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., was appointed to the Sixth Circuit Court of Appeals on September 16, 1991, and sworn into office on September 20, 1991
 
 
 [1]
 Ella Evans, spouse of the deceased, was dismissed as a party defendant by the district court
 
 
 [2]
 This decision's caption was copied from the briefs. However, as John W. Wise, administrator of the estate of Lawrence W. Evans, Jr., deceased, and guardian of the decedent's minor children, Cherri Ella Evans and Latonya Eunice Evans, brought this action, the caption should have listed John W. Wise as plaintiff-appellant